# Court of Appeals
# of the State of Georgia

ATLANTA,___June 29, 2016_____

*The Court of Appeals hereby passes the following order:*

## A16A0483.  CEDRICK RHODES v. THE STATE.

Appellant Cedrick Rhodes appeals from the denial of his motion for new trial following his conviction on multiple counts of armed robbery, aggravated assault, possession of a firearm during the commission of a crime, and criminal damage to property in the first degree. Among other things, Rhodes asserts on appeal that the trial court abused its discretion by admitting "other acts" evidence pursuant to OCGA § 24-4-404 (b) and OCGA § 24-4-403 to prove his intent.  In the recent case of *Olds v. State*, Case No. S15G1610, ___ Ga. ___ (___SE2d ___) 2016 Ga. LEXIS 393 (decided May 23, 2016), our Supreme Court clarified the law concerning the proper analysis that our court must employ in deciding the admissibility of such evidence to prove intent, acknowledging that its previous precedent may have led courts astray in conducting the balancing test for admissibility, which such evidence must pass under OCGA § 24-4-403.[1]  As the Supreme Court stated in *Olds*, "[t]he application of the Rule 403 test is a matter committed principally to the discretion of the trial courts[.]" Id., 2016 Ga. LEXIS 393 at *10. Moreover, it is by no means clear to us that the trial court would have reached the same result regarding the admissibility of the extrinsic evidence to prove intent (and accordingly, would not have reached the same result in deciding Rhodes' motion for new trial), had the court had the benefit of the Supreme Court's decision in *Olds* to guide it.  Accordingly, because this is a matter committed to the discretion of the trial court in the first instance, and in light

---

[1] That section provides that "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

of the Supreme Court's recent pronouncement of the law which significantly affects this analysis, we believe the better course in this case is to vacate the trial court's order denying Rhodes' motion for new trial and remand to the trial court for reconsideration in light of *Olds*.[2] See *State v. Brown*, 333 Ga. App. 643, 653 (3) (777 SE2d 27) (2015) (remand necessary when this Court cannot discern whether trial court applied appropriate test in excluding other-acts evidence and thus cannot undertake a meaningful review of that order). Following the entry of a new order upon remand, the parties shall have the right to appeal any adverse ruling by the trial court in accordance with the applicable procedures governing such appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____06/29/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[2] Rhodes also challenges the sufficiency of the evidence and the effectiveness of trial counsel. We have reviewed the transcript of the evidence submitted at trial and have little hesitancy in concluding that the evidence was sufficient to support Rhodes' convictions of the crimes charged, thus obviating any potential double jeopardy concerns should the trial court determine that a new trial in this case is necessary. The remainder of Rhodes' contentions are more properly addressed in any future appeal in this case, as necessary.